FILED
United States Court of Appeals
Tenth Circuit

February 28, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILLY CLAIR KILLINGSWORTH,

Plaintiff - Appellant,

v.

STANLEY MOYA, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

Defendants - Appellees.

No. 07-2265

(D. New Mexico)

(D.C. No. CIV-07-00389-MV-CG)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

*Pro se* petitioner Billy Clair Killingsworth seeks a certificate of

appealability ("COA") in order to permit him to appeal the denial of his 28 U.S.C.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

§ 2241 petition alleging that his extradition proceedings denied him due process and amounted to false imprisonment. Because Killingsworth has not "made a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss this appeal. See 28 U.S.C. § 2253(c)(2).

In 1980, Killingsworth escaped from the New Mexico Penitentiary while serving two life sentences. He was arrested in Alabama in 2004, and extradited to New Mexico after signing a waiver of extradition. Killingsworth thereafter, in 2007, filed a 28 U.S.C. § 2254 habeas petition claiming that his extradition proceedings resulted in the denial of due process and false imprisonment and that he was mistakenly identified during those proceedings.

The matter was referred to a magistrate judge, who found that, because Killingsworth was challenging his extradition, he was "best described as a pretrial detainee," and therefore a § 2241 petition, rather than a § 2254 petition, was appropriate. Proposed Findings and Recommended Disposition at 1, R. Vol. I, doc. 20. The magistrate judge further found that, because Killingsworth had been returned to the demanding state (New Mexico), habeas review was no longer available to challenge his confinement on grounds arising in the asylum state (Alabama); and that a 42 U.S.C. § 1983 action was the proper way for Killingsworth to seek redress based upon alleged improprieties in the extradition process. The magistrate judge accordingly recommended dismissal of Killingsworth's habeas petition.

The district court agreed, and, further, denied Killingsworth's application for a COA.[1]  We agree with this disposition, for substantially the reasons set forth in the magistrate judge's Proposed Findings and Recommended Disposition, as adopted by the district court.  We DENY Killingsworth's application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]In <u>Montez v. McKinna</u>, 208 F.3d 862, 867 (10th Cir. 2000), we noted that "a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241."  The district court granted Killingsworth's application to proceed *in forma pauperis*.